UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

DENNISIA ROWE, an individual,

     Plaintiff,

vs.

COMPASS GROUP USA, INC.,
a Delaware Corporation,

     Defendant.
_____/

## **COMPLAINT**

1.     Plaintiff, DENNISIA ROWE (hereinafter referred to as "Plaintiff" and "ROWE"), was an employee of Defendant, COMPASS GROUP USA, INC., a Delaware Corporation d/b/a MORRISON COMMUNITY LIVING (hereinafter referred to as "Defendant" and "COMPASS GROUP") and brings this action against COMPASS GROUP for alleged race discrimination, disparate treatment, and retaliation in violation of 42 U.S.C. §1981 (Section 1981), Title VII of the Civil Rights Act, 42 U.S.C. §2000 *et seq.* (Title VII), and the Florida Civil Rights Act, Florida Statutes §760.01 *et seq*. (FCRA).

2.     ROWE is an individual whose race is African American and who resides in Broward County, Florida, within the jurisdiction of this Court.

3.     COMPASS GROUP, based in Charlotte, North Carolina, has at all times material to this Complaint owned, operated, and/or managed a nationwide business specializing in, *inter alia*, food service, facility management, building services throughout the United States including

in South Florida at Defendant's senior living business known as  MORRISOM COMMUNITY LIVING in Miramar, Florida in Broward County within the jurisdiction of this Court.

4.      Jurisdiction is conferred on this Court by 28 U.S.C. §§1331, 1337, 1343, and 1367.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §1391, as a substantial part of the events giving rise to this action occurred in Broward County, within the jurisdiction of the United States District Court for the Southern District of Florida.

6.      At all times material to this Complaint, COMPASS GROUP transacted business in Miramar, Florida and employed hundreds of employees for each working day in each of twenty (20) or more weeks in the years 2019, 2020, and/or 2021.

7.      At all times material to this action, ROWE was an employee of COMPASS GROUP within the meaning of 42 U.S.C. §1981 Title VII, 42 U.S.C. §2000e(f), and the FCRA, F.S. §760.10(1)(a).

8.      At all times material to this action, COMPASS GROUP had fifteen (15) or more employees and constituted an employer of ROWE within the meaning of 42 U.S.C. §1981, Title VII, 42 U.S.C. §2000e(b), and the FCRA, F.S. §760.02(7).

9.      In September 2019, COMPASS GROUP hired ROWE as a "Regional Human Resources Generalist" at an annual salary of $60,000 per year, with Plaintiff's primary duties consisting of providing human resources and other services to approximately six (6) nursing home facilities for which MORRISON COMMUNITY LIVING had contracted services in Miami-Dade and Broward Counties, which facilities Plaintiff regularly traveled to/from and worked at for COMPASS GROUP an ongoing basis, including: (i) Catholic Charities North Campus St. John, 3075 NW 35th Avenue, Lauderdale Lakes, Florida 33311; (ii) Catholic

Charities North Campus St. Joseph, 3487 NW 30th Avenue, Lauderdale Lakes, Florida 33311; (iii) Catholic Charities South Campus, 11885 Quail Roost Drive, Miami, Florida 33177; (iv) Catholic Charities East Campus, 1050 NE 125th Street, North Miami, Florida 33161; (v) Catholic Charities West Campus, 8850 NW 122 Street, Hialeah Gardens, Florida 33018; and (vii) Miami Jewish, 5200 NE 2nd Avenue, Miami, Florida 33137.

10.     As a "Regional Human Resources Generalist" for Defendant, ROWE reported to COMPASS GROUP's General Manager, David Demicoli, whose race is White/Caucasian, and COMPASS GROUP's Regional Director of Operations, Jason Spiegel, whose race is White/Caucasian.

11.     In approximately early December 2019, ROWE first verbally reported to COMPASS GROUP's Regional H.R. Business Partner, Angela Dunbar, whose race is White/Caucasian, alleged race discrimination and racial bullying and harassment by Demicoli.

12.     More specifically, ROWE reported to COMPASS GROUP in approximately early December 2019 that Demicoli regularly engaged in racially discriminatory and threatening behavior on virtually a daily basis towards minority employees including but not limited to Demicoli:

> (i) often using profanity and yelling at and belittling employees, particularly African American and Hispanic employees;
>
> (ii) screaming at employees so loudly and erratically that on one occasion in or around October 2019, ROWE and other employees became concerned for their safety, as a result of which Spiegel sent Demicoli home from work for the day;
>
> (iii) calling African American employees "slow" and "stupid";
>
> (iv) stating that "these kinds of people," referring to African Americans, "don't know any better, we can pay them anything";
>
> (v) yelling at Sharelle Brown, an African American employee who had requested a pay increase: "You're fucking lazy!  You don't need no raise";

(vi) failing to provide adequate on the job training to Environmental Service Directors and then disciplining those employees for a lack of job performance;

(vii) demanding that ROWE closely watch and scrutinize minority employees in order to find unwarranted or false reasons to demote or terminate them despite ROWE's express objections to Demicoli that racial discrimination and disparate treatment was illegal;  and

(viii) making vulgar, inappropriate comments to and about Hispanic and African American employees such as Demicoli stating that Santiago Trevilcock had "a little pinga," slang for a "small penis," and Demicoli commenting about the large size of the buttocks of one of Defendant's floor techs.

13.     On or around December 17, 2019, after Angela Dunbar traveled from North Carolina to South Florida, ROWE met in person with Dunbar in Miami, Florida in the lobby of Dunbar's hotel and ROWE spent virtually the entire day with Dunbar while going over ROWE's internal race discrimination complaint as well as questions about the scope of ROWE's job duties involving operational versus human resources duties.

14.     In response to ROWE's December 2019 internal race discrimination complaint, Dunbar advised ROWE that she would discuss ROWE's complaint with Jason Spiegel, who was Demicoli's boss.

15.     Significantly, beginning on or around December 20, 2019, ROWE first reported to COMPASS GROUP—specifically to Angela Dunbar—Plaintiff's good faith belief that she was being subjected to retaliation by David Demicoli because of Plaintiff's internal discrimination complaint about Demicoli to COMPASS GROUP.

16.     On or around December 23 or 24, 2019, ROWE spoke with Jason Spiegel about ROWE's internal discrimination complaint to COMPASS GROUP about David Demicoli.

17.     Based upon information and belief, in or around January 2020, one or more COMPASS GROUP employees other than ROWE also complained about alleged race discrimination by David Demicoli through Defendant's "SpeakUp Hotline."

18.     On or around January 27, 2020, COMPASS GROUP's Regional Vice President for the Southeast, Jon Anders, met with and questioned ROWE for approximately one (1) to one and one-half (1.5) hours—in addition to which Anders also interviewed other COMPASS GROUP employees—about alleged race discrimination by Demicoli,

19.     However, COMPASS GROUP failed to take remedial action to address Demicoli's racially discriminatory conduct and retaliation.

20.     Instead, between approximately January 2020 and February 2020, Demicoli subjected Plaintiff to further retaliation, including but not limited to Demicoli:  (a) maligning ROWE to Jason Spiegel; (b) lying to employees—including Steven Gula, Dining Director, and Jean Voltaire, EVS Supervisor—by Demicoli falsely telling employees that ROWE was trying to get them fired; (c) falsely accusing ROWE of not performing her job duties; (d) repeatedly yelling at ROWE; (e) telling ROWE that Plaintiff had "nappy hair"; and (f) making disparaging statements about the importance of the Martin Luther King Jr. holiday and African Americans, with Demicoli  describing it as "your people's holiday to ride bikes on I-95."

21.     Despite ROWE's further complaints to COMPASS GROUP about Demicoli orchestrating retaliation against Plaintiff, between January 2020 and February 2020, Defendant still failed to take remedial action to address Demicoli's discriminatory conduct and retaliation against ROWE.

22.     In approximately early March 2020, COMPASS GROUP changed ROWE's reporting structure from Plaintiff previously reporting directly to David Demicoli to Plaintiff reporting directly to Jason Spiegel.

23.     On or around March 3, 2020, Sarah Moran, Director of Human Resources from one of COMPASS GROUP's other subsidiaries, Levy Restaurants, interviewed ROWE for approximately two (2) hours during an internal investigation Moran was conducting for COMPASS GROUP, as part of which ROWE reported to Moran that racial harassment, discrimination, and retaliation Plaintiff was subjected to by David Demicoli.

24.     Even after ROWE's further complaint to COMPASS GROUP in early March 2020 about David Demicoli's racial discrimination harassment, and retaliation against Plaintiff, between approximately March 2020 and mid-May 2020, Demicoli continued to subject ROWE to retaliation because of Plaintiff's race discrimination complaints about Demicoli by, *inter alia*, Demicoli attempting to undercut Plaintiff's performance with other employees and members of COMPASS GROUP's management and Demicoli falsely accusing ROWE of not performing her job duties even after Plaintiff was no longer reporting directly to Demicoli.

25.     Again, despite ROWE's further complaints to COMPASS GROUP about Demicoli in early March 2020, Defendant still failed to take remedial action to address Demicoli's discrimination and retaliation against ROWE and that conduct continued between April 2020 and mid-May 2020.

26.     On May 18, 2020, ROWE contacted Jon Anders as a result of ongoing retaliation Plaintiff was experiencing because of David Demicoli, and Anders notified Plaintiff that a conference call was scheduled for May 19th with Anders and Angela Dunbar to speak with Plaintiff.

27.     On May 19, 2020, during a conference call between ROWE, Jon Anders, and Angela Dunbar, COMPASS GROUP placed ROWE on what Defendant characterized as a "furlough" because, according to Anders, of "budgetary reasons."

28.     The reason proffered by COMPASS GROUP for placing ROWE on a furlough in May 2020 was a legitimate, non-discriminatory business reason but weas instead false and a pretext for unlawful race discrimination and retaliation against ROWE.

29.     On or around June 24, 2020, Jon Anders notified ROWE that COMPASS GROUP was terminating ROWE's employment purportedly because of budget cuts.

30.     The reason proffered by COMPASS GROUP terminating ROWE's employment in late June 2020 was not for a legitimate, non-discriminatory business reason but was instead false and a pretext for unlawful race discrimination and retaliation against ROWE.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

31.     On August 20, 2020, ROWE dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR) alleging race discrimination and retaliation against COMPASS GROUP.  A copy of ROWE's EEOC Charge, Charge No. 430-2020-01983, is attached hereto as Exhibit A.

32.     On or around February 18, 2021, the EEOC issued a Notice of Right to Sue to ROWE on Charge No. 430-2020-01983.  See Exhibit B.

33.     This Complaint is being filed with the Court within Twelve (12) days of ROWE's receipt of the Notice of Right to Sue in connection with Charge No. 430-2020-01983 and Plaintiff has exhausted all administrative remedies on the claims pled in the Complaint.

34.     As of March 3, 2021, more than One Hundred and Eighty (180) days have passed since the filing of ROWE's Charge of Discrimination on August 20, 2020 and the FCHR did not issue any determination concerning ROWE's Charge.  As a result, pursuant to F.S. §760.11(18), which provides that in the event that the FCHR fails to conciliate or determine whether there is reasonable cause on any complaint under that section within 180 days of the filing of the complaint, an aggrieved person may file a civil action "as if the commission determined that there was reasonable cause," ROWE has exhausted all administrative remedies under Florida as well as Federal law.

35.     All conditions precedent to the institution of this action have either occurred or been waived.

### COUNT I
### RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981

Plaintiff, DENNISIA ROWE, reasserts and reaffirms the allegations of Paragraphs 1 through 35 as if fully set forth herein and further states that this is an action against COMPASS GROUP USA, INC. for race discrimination in violation of 42 U.S.C. §1981.

36.     42 U.S.C. §1981(a) provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

37.     Moreover, for purposes of 42 U.S.C. §1981, the term "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

38.     Between approximately September 2019 and May 2020, COMPASS GROUP's General Manager, David Demicoli, subjected ROWE to: (a) unwelcome harassment and discrimination by because of ROWE's race, African American, which harassment was continuing, severe, and pervasive, and which constituted a hostile work environment; and (b) disparate treatment because of ROWE's race, African American, all in violation of 42 U.S.C. §1981.

39.     COMPASS GROUP's management knew about the unlawful racial harassment and discrimination because of ROWE's complaints about David Demicoli's discriminatory conduct because of Demicoli's bias towards African Americans, but Defendant failed to take appropriate corrective action to address the unlawful conduct against ROWE.

40.     As a result of COMPASS GROUP's failure to take prompt remedial action in response to the internal complaints that ROWE made to Defendant's management, ROWE was subjected to further harassment and discrimination because of ROWE's race, African American, which discriminatory harassment by Demicoli continued through May 2020, in violation of 42 U.S.C. §1981.

41.     COMPASS GROUP's disparate treatment of ROWE was so severe and pervasive that it altered, the terms, conditions, and privileges of ROWE's employment with Defendant.

42.     ROWE complained to COMPASS GROUP's management in December 2019, January 2020, February 2020, March 2020, and May 2020 about alleged racial harassment, disparate treatment, discrimination, and retaliation by General Manager, David Demicoli, against Plaintiff and other African American, as well as Hispanic, employees but Defendant failed to take remedial action to prevent or correct such unlawful conduct from continuing, in violation of

42 U.S.C. §1981, despite the fact that COMPASS GROUP knew or should have known that racial discrimination, bullying, and harassment by Demicoli was illegal.

43.     In approximately May 2020 and late June 2020, COMAPSS GROUP subjected ROWE to adverse employment actions of Plaintiff's race, African American, by first placing ROWE on what Defendant characterized as a "furlough" because of "budgetary reasons" and subsequently terminating ROWE'S employment purportedly because of budget cuts.

44.     When COMPASS GROUP furloughed ROWE in May 2020 and subsequently terminated Plaintiff's employment in approximately June 2020 for reasons that Defendant knew to be false and were instead a pretext to attempt to cover unlawful race discrimination, Defendant intentionally discriminated against ROWE because of her race, African American, in violation of 42 U.S.C. §1981.

45.     COMPASS GROUP's violations of ROWE's rights under 42 U.S.C. §1981 were intentional and undertaken with malice and a reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.  As such, ROWE is entitled to punitive damages against COMPASS GROUP pursuant to 42 U.S.C. §1981a(a)(1).

46.     ROWE has suffered lost earnings, emotional distress, loss of self-esteem, and other injuries and damages as a direct result of COMPASS GROUP's violations of 42 U.S.C. §1981.

47.     Pursuant to 42 U.S.C. §1988(b), ROWE is entitled to recover her reasonable attorneys' fees and costs from COMPASS GROUP.

WHEREFORE, Plaintiff, DENNISIA ROWE, demands judgment against Defendant, COMPASS GROUP USA, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, punitive damages, equitable relief including but not

limited to front pay, injunctive relief, interest, attorneys' fees, costs, expert fees, and such other and further relief as this Honorable Court deems proper.

**COUNT II**
**RETALIATION IN VIOLATION OF 42 U.S.C. §1981**

Plaintiff, DENNISIA ROWE, reasserts and reaffirms the allegations of Paragraphs 1 through 35 as if fully set forth herein and further states that this is an action against COMPASS GROUP USA, INC. for Retaliation in violation of 42 U.S.C. §1981.

48.     On a total of approximately eight (8) occasions between December 2019 and May 2020—including (i) at least twice in December 2019; (ii) at least three times in January 2020; (iii) in February 2020; (iv) in March 2020; and (v) in May 2020—ROWE complained about and/or reported racial discrimination, harassment, and retaliation by David Demicoli to COMPASS GROUP's management about what Plaintiff in good faith believed was unlawful race discrimination, harassment, and disparate treatment because of Plaintiff's race, African American.

49.     When ROWE complained about and reported to COMPASS GROUP in December 2019, January 2020, February 2020, March 2020, and May 2020 about what Plaintiff reasonably and in good faith believed was unlawful race discrimination and disparate treatment because of Plaintiff's race, African American, ROWE engaged in protected activity within the meaning of 42 U.S.C. §1981.

50.     In retaliation for ROWE's internal discrimination complaints to COMPASS GROUP, Defendant unlawfully furloughed ROWE in May 2020 and unlawfully terminated Plaintiff's employment in approximately June 2020 for reasons that were false and a pretext for unlawful retaliation against Plaintiff, in violation of 42 U.S.C. §1981.

51.     COMPASS GROUP's retaliation against ROWE in violation of her rights under 42 U.S.C. §1981 was intentional and undertaken with malice and a reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.  As such, ROWE is entitled to punitive damages against COMPASS GROUP pursuant to 42 U.S.C. §1981a(a)(1).

52.     ROWE has suffered lost earnings, emotional distress, loss of self-esteem, and other injuries and damages as a direct result of COMPASS GROUP's retaliation in violation of 42 U.S.C. §1981.

53.     Pursuant to 42 U.S.C. §1988(b), ROWE is entitled to recover her reasonable attorneys' fees and costs from COMPASS GROUP.

WHEREFORE, Plaintiff, DENNISIA ROWE, demands judgment against Defendant, COMPASS GROUP USA, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, punitive damages, equitable relief including but not limited to front pay, injunctive relief, interest, attorneys' fees, costs, expert fees, and such other and further relief as this Honorable Court deems proper.

**COUNT III**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,**
**42 U.S.C. §2000e ET SEQ. - RACE DISCRIMINATION**

Plaintiff, DENNISIA ROWE, reasserts and reaffirms the allegations of Paragraphs 1 through 35 as if fully set forth herein and further states that this is an action against COMPASS GROUP USA, INC. for race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*

54.     Title VII of the Civil Rights Act of 1964, as amended, provides that it is unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual

with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color ..."  42 U.S.C. §2000e-2(a)(1).

55.     Between approximately September 2019 and May 2020, COMPASS GROUP's General Manager, David Demicoli, subjected ROWE to: (a) unwelcome harassment and discrimination by because of ROWE's race, African American, which harassment was continuing, severe, and pervasive, and which constituted a hostile work environment; and (b) disparate treatment because of ROWE's race, African American, all in violation of Title VII, 42 U.S.C. §2000e-2(a)(1).

56.     COMPASS GROUP's management knew about the unlawful racial harassment and discrimination because of ROWE's complaints about David Demicoli's discriminatory conduct because of Demicoli's bias towards African Americans, but Defendant failed to take appropriate corrective action to address the unlawful conduct against ROWE.

57.     As a result of COMPASS GROUP's failure to take prompt remedial action in response to the internal complaints that ROWE made to Defendant's management, ROWE was subjected to further harassment and discrimination because of ROWE's race, African American, which discriminatory harassment by Demicoli continued through May 2020 in violation of Title VII, 42 U.S.C. §2000e-2(a)(1).

58.     COMPASS GROUP's disparate treatment of ROWE was so severe and pervasive that it altered, the terms, conditions, and privileges of ROWE's employment with Defendant.

59.     ROWE complained to COMPASS GROUP's management in December 2019, January 2020, February 2020, March 2020, and May 2020 about alleged racial harassment, disparate treatment, discrimination, and retaliation by General Manager, David Demicoli, against Plaintiff and other African American, as well as Hispanic, employees but Defendant failed to

take remedial action to prevent or correct such unlawful conduct from continuing, in violation of Title VII, 42 U.S.C. §2000e-2(a)(1), despite the fact that COMPASS GROUP knew or should have known that racial discrimination, bullying, and harassment by Demicoli was illegal.

60.     In approximately May 2020 and late June 2020, COMAPSS GROUP subjected ROWE to adverse employment actions of Plaintiff's race, African American, by first placing ROWE on what Defendant characterized as a "furlough" because of "budgetary reasons" and subsequently terminating ROWE'S employment purportedly because of budget cuts.

61.     When COMPASS GROUP furloughed ROWE in May 2020 and subsequently terminated Plaintiff's employment in approximately late June 2020 for reasons that Defendant knew to be false and were instead a pretext to attempt to cover unlawful race discrimination, Defendant intentionally discriminated against ROWE because of her race, African American, in violation of Title VII, 42 U.S.C. §2000e-2(a)(1).

62.     A motivating factor behind COMPASS GROUP's May 2020 furlough of ROWE and the ultimate termination of ROWE's employment in approximately late June 2020 was Plaintiff's race, African American, in violation of Title VII, 42 U.S.C. §2000e-2(a)(1).

63.     COMPASS GROUP's violations of Title VII were intentional and were done with malice and reckless disregard for ROWE's rights as guaranteed under the laws of the United States.

64.     ROWE has suffered lost earnings and employment benefits, emotional distress, loss of self-esteem and other injuries as a direct result of COMPASS GROUP's violations of 42 U.S.C. §2000e-2(a)(1).

65.      Pursuant to 42 U.S.C. §2000e-5(k) and §1988(b), ROWE is entitled to recover from Defendant her reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff, DENNISIA ROWE, demands judgment against Defendant, COMPASS GROUP USA, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, punitive damages, injunctive relief, interest, attorney's fees, costs, expert fees, and such other and further relief as this Honorable Court deems proper.

## COUNT IV
## RETALIATION IN VIOLATION OF TITLE VII
## OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e *ET SEQ.*

Plaintiff, DENNISIA ROWE, reasserts and reaffirms the allegations of Paragraphs 1 through 35 as if fully set forth herein and further states that this is an action against COMPASS GROUP USA, INC., for Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3.

66.     Pursuant to 42 U.S.C. §2000e-3(a), "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees …. because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

67.     On a total of approximately eight (8) occasions between December 2019 and May 2020—including (i) at least twice in December 2019; (ii) at least three times in January 2020; (iii) in February 2020; (iv) in March 2020; and (v) in May 2020—ROWE complained about and/or reported racial discrimination, harassment, and retaliation by David Demicoli to COMPASS GROUP's management about what Plaintiff in good faith believed was unlawful race discrimination, harassment, and disparate treatment because of Plaintiff's race, African American.

68.     When ROWE complained about and reported to COMPASS GROUP in December 2019, January 2020, February 2020, March 2020, and May 2020 about what Plaintiff reasonably and in good faith believed was unlawful race discrimination and disparate treatment because of Plaintiff's race, African American, ROWE engaged in protected activity within the meaning of Title VII, 42 U.S.C. §2000e-3(a).

69.     In retaliation for ROWE's internal discrimination complaints to COMPASS GROUP, Defendant unlawfully furloughed ROWE in May 2020 and unlawfully terminated Plaintiff's employment in approximately June 2020 for reasons that were false and a pretext for unlawful retaliation against Plaintiff, in violation of Title VII, 42 U.S.C. §2000e-3(a).

70.     COMPASS GROUP intentionally retaliated against ROWE in May 2020 and June 2020 following ROWE's objections to and repeated complaints about David Demicoli's racial harassment and discrimination in violation of 42 U.S.C. §2000e-3(a).

71.     The fact that ROWE engaged in activity protected by Title VII was a motivating factor in COMPASS GROUP's May 2020 furlough and June 2020 termination of Plaintiff's employment, in violation of 42 U.S.C. §2000e-3(a).

72.      COMPASS GROUP's unlawful retaliation against ROWE was intentional and done with malice and reckless disregard for ROWE's rights as guaranteed under Title VII.

73.     As a direct and proximate result of COMPASS GROUP's unlawful retaliation against ROWE, Plaintiff has suffered damages and was deprived of job-related economic benefits, all in amounts to be established at trial, including suffering a loss of earnings, emotional distress, loss of self-esteem and other injuries as a direct result of Defendant's violations of 42 U.S.C. §2000e-3(a).

74.     Pursuant to 42 U.S.C. §2000e-5(k) and §1988(b), ROWE is entitled to recover her reasonable attorneys' fees and costs from COMPASS GROUP.

WHEREFORE, Plaintiff, DENNISIA ROWE, demands judgment against Defendant, COMPASS GROUP USA, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, punitive damages, injunctive relief, interest, attorney's fees, costs, expert fees, and such other and further relief as this Honorable Court deems proper.

## COUNT V
## RACE DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

Plaintiff, DENNISIA ROWE, reasserts and reaffirms the allegations set forth in paragraphs 1 through 35 above and further states that this is an action against COMPASS GROUP USA, INC. for race discrimination in violation of Florida Statutes §760.10(1).

76.     The Florida Civil Rights Act provides that it is an unlawful employment practice for an employer "[t]o discharge . . . any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color . . ." F.S. §760.10(1)(a).

77.     At all times material to this action, ROWE has been an aggrieved person within the meaning of the FCRA, F.S. §760.02(10).

78.     Between approximately September 2019 and May 2020, COMPASS GROUP's General Manager, David Demicoli, subjected ROWE to: (a) unwelcome harassment and discrimination by because of ROWE's race, African American, which harassment was continuing, severe, and pervasive, and which constituted a hostile work environment; and (b) disparate treatment because of ROWE's race, African American, all in violation of the FCRA, F.S. §760.10(1).

79.     COMPASS GROUP's management knew about the unlawful racial harassment and discrimination because of ROWE's complaints about David Demicoli's discriminatory conduct because of Demicoli's bias towards African Americans, but Defendant failed to take appropriate corrective action to address the unlawful conduct against ROWE.

80.     As a result of COMPASS GROUP's failure to take prompt remedial action in response to the internal complaints that ROWE made to Defendant's management, ROWE was subjected to further harassment and discrimination because of ROWE's race, African American, which discriminatory harassment by Demicoli continued through May 2020 in violation of the FCRA, F.S. §760.10(1).

81.     COMPASS GROUP's disparate treatment of ROWE was so severe and pervasive that it altered, the terms, conditions, and privileges of ROWE's employment with Defendant.

82.     ROWE complained to COMPASS GROUP's management in December 2019, January 2020, February 2020, March 2020, and May 2020 about alleged racial harassment, disparate treatment, and discrimination by General Manager, David Demicoli, against Plaintiff and other African American, as well as Hispanic, employees but Defendant failed to take remedial action to prevent or correct such unlawful conduct from continuing, in violation of the FCRA, F.S. §760.10(1), despite the fact that COMPASS GROUP knew or should have known that racial discrimination, bullying, and harassment by Demicoli was illegal.

83.     In approximately May 2020 and late June 2020, COMAPSS GROUP subjected ROWE to adverse employment actions of Plaintiff's race, African American, by first placing ROWE on what Defendant characterized as a "furlough" because of "budgetary reasons" and subsequently terminating ROWE'S employment purportedly because of budget cuts.

84. When COMPASS GROUP furloughed ROWE in May 2020 and subsequently terminated Plaintiff's employment in approximately late June 2020 for reasons that Defendant knew to be false and were instead a pretext to attempt to cover unlawful race discrimination, Defendant intentionally discriminated against ROWE because of her race, African American, in violation of the FCRA, F.S. §760.10(1).

85. A motivating factor behind COMPASS GROUP's May 2020 furlough of ROWE and the ultimate termination of ROWE's employment in approximately late June 2020 was Plaintiff's race, African American, in violation of Title VII, 42 U.S.C. §2000e-2(a)(1), in violation of §760.10(1).

86. COMPASS GROUP's violations of §760.10(1)(a) were intentional and were done with malice and reckless disregard for ROWE's rights as guaranteed under the laws of the State of Florida, such that ROWE is entitled to punitive damages against Defendant pursuant to F.S. §760.11(5).

87. ROWE has suffered lost earnings, emotional distress, loss of self-esteem, and other damages as a direct result of COMPASS GROUP's violations of F.S. §760.10(1).

88. Pursuant to F.S. §760.11(5), ROWE is entitled to recover her reasonable attorneys' fees and costs from COMPASS GROUP as a result of Defendant's violations of the FCRA.

WHEREFORE, Plaintiff, DENNISIA ROWE, demands judgment against Defendant, COMPASS GROUP USA, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, equitable relief, interest, costs,

attorney's fees, expert fees and such other and further relief as this Honorable Court deems proper.

<u>**COUNT VI**</u>
**<u>RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, F.S. §760.10</u>**

Plaintiff, DENNISIA ROWE, reasserts and reaffirms the allegations set forth in paragraphs 1 through 35 above and further states that this is an action against COMPASS GROUP USA, INC. for Retaliation in violation of the Florida Civil Rights Act, F.S. §760.10.

89.     Pursuant to F.S. §760.10(7), it is "an unlawful employment practice for an employer … to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section."

90.     At all times material to this action, ROWE has been an aggrieved person within the meaning of the FCRA, F.S. §760.02(10).

91.     On a total of approximately eight (8) occasions between December 2019 and May 2020—including (i) at least twice in December 2019; (ii) at least three times in January 2020; (iii) in February 2020; (iv) in March 2020; and (v) in May 2020—ROWE complained about and/or reported racial discrimination, harassment, and retaliation by David Demicoli to COMPASS GROUP's management about what Plaintiff in good faith believed was unlawful race discrimination, harassment, and disparate treatment because of Plaintiff's race, African American.

92.     When ROWE complained about and reported to COMPASS GROUP in December 2019, January 2020, February 2020, March 2020, and May 2020 about what Plaintiff reasonably and in good faith believed was unlawful race discrimination and disparate treatment

because of Plaintiff's race, African American, ROWE engaged in protected activity within the meaning of the FCRA, F.S. §760.10(7).

93.     In retaliation for ROWE's internal discrimination complaints to COMPASS GROUP, Defendant unlawfully furloughed ROWE in May 2020 and unlawfully terminated Plaintiff's employment in approximately June 2020 for reasons that were false and a pretext for unlawful retaliation against Plaintiff, in violation of the FCRA, F.S. §760.10(7).

94.     COMPASS GROUP intentionally retaliated against ROWE in May 2020 and June 2020 following ROWE's objections to and repeated complaints about David Demicoli's racial harassment and discrimination in violation of the FCRA, F.S. §760.10(7).

95.     The fact that ROWE engaged in activity protected by the FCRA was a motivating factor in COMPASS GROUP's May 2020 furlough and June 2020 termination of Plaintiff's employment, in violation of F.S. §760.10(7).

96.     COMPASS GROUP's violations of §760.10 were intentional and were done with malice and reckless disregard for ROWE's rights as guaranteed under the laws of the State of Florida through the Florida Civil Rights Act, such that ROWE is entitled to punitive damages against COMPASAS GROUP pursuant to F.S. §760.11(5).

97.     ROWE has suffered lost earnings, emotional distress, loss of self-esteem and other injuries as a direct result of Defendant's violations of F.S. §760.10(7).

98.     Pursuant to F.S. §760.11(5), ROWE is entitled to recover her reasonable attorneys' fees and costs from COMPASS GROUP as a result of Defendant's violations of the FCRA.

WHEREFORE, Plaintiff, DENNISIA ROWE, demands judgment against Defendant, COMPASS GROUP USA, INC., for back pay, employment benefits, other compensation

including bonuses, compensatory damages, equitable relief including but not limited to front pay, injunctive relief, interest, attorney's fees, costs, expert fees, and such other and further relief as this Honorable Court deems proper.

**<u>JURY TRIAL DEMAND</u>**

DENNISIA ROWE demands trial by jury on all issues so triable.

Dated:  March 3, 2021    Respectfully submitted,

       By: **<u>s/KEITH M. STERN</u>**
         Keith M. Stern, Esquire
         Florida Bar No. 321000
         E-mail:  employlaw@keithstern.com
         LAW OFFICE OF KEITH M. STERN, P.A.
         80 S.W. 8th Street, Suite 2000
         Miami, Florida 33130
         Telephone:  (305) 901-1379
         Facsimile:  (561) 288-9031

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 430-2020-01983 |

| FLORIDA COMMISSION ON HUMAN RELATIONS | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| **MS. DENNISIA A ROWE** | ████████ | ███ |

| Street Address | City, State and ZIP Code |
|---|---|
| ████████████████ | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **COMPASS GROUP** | **501+** | **(877) 311-4747** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2400 YORKMONT RD., CHARLOTTE, NC 28217** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **09-23-2019**   Latest **06-24-2020**
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I was discriminated against and subjected to a racially hostile work environment based on my race (African-American) by Compass Group and its officials.  I was also harassed and retaliated against by Compass Group and its officials because I objected to and reported unlawful discrimination.**

**I was hired by Compass Group as a Regional Human Resources Generalist on or about September 23, 2019. I worked at Morrison Living and was responsible for servicing several nursing home facilities in Miami and Broward counties.  I reported to General Manager David Demicoli (white) and Regional Director of Operations Jason Spiegel (white), who is also Mr. Demicolis friend.**

**In or about December 2019, I reported to Regional H.R. Business Partner Angela Dunbar (white) employee complaints of racial discrimination, bullying, harassment, and abusive behavior by Mr. Demicoli (white).  Ms. Dunbar stated she would discuss this with Mr. Spiegel,**

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Dennisia Rowe on 08-20-2020 03:09 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **430-2020-01983** |

| **FLORIDA COMMISSION ON HUMAN RELATIONS** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

Mr. Demicolis boss. Mr. Demicolis discriminatory and threatening behavior was a daily occurrence.  This included, but was not limited to the following examples. Mr. Demicoli often used profanity and yelled at employees and belittled them, especially African-American and Hispanic employees.  On one occasion, Mr. Demicoli was screaming at employees and his behavior was so erratic, that I and other employees became concerned about our safety and Mr. Spiegel sent Mr. Demicoli home from work.  Mr. Demicoli called African-Americans slow and stupid.  He said, These kinds of people (referring to African-Americans) dont know any betterwe can pay them anything.  He yelled, Youre f*cking lazy! You dont need no raise! to an African-American employee who asked for a pay increase.  He failed to provide adequate on-the-job training to employees and then disciplined them for lack of performance.  Mr. Demicoli demanded that I watch and scrutinize minority employees and find unwarranted or false reasons to demote or terminate them, despite my objections that such actions were discriminatory, unethical, and violated company policies.  Mr. Demicoli made inappropriate comments to and about employees, i.e. that an employee had a little la pinga (small penis) and comments about the size of an employees buttocks.

Some employees also complained about Mr. Demicoli to the Speak Up hotline, which relayed the complaints to Compass Groups corporate office.  The Regional V.P. for the Southeast John Anders (white) interviewed employees and supervisors as part of an investigation. However, Compass Group failed to take effective corrective action against Mr. Demicoli and he continued to harass and discriminate against minority employees, and he retaliated against me.

Following my complaints to Ms. Dunbar, Mr. Anders, and human resources, Mr. Demicoli became increasingly hostile toward me which impacted my job performance.  For example, Mr. Demicoli maligned me to upper management, lied to employees stating that I was trying to terminate their employment, falsely accused me of not performing my job duties, repeatedly yelled at me, said that I have nappy hair, and he made disparaging comments that Martin Luther King day was your people holiday to ride bikes on I-95. I dreaded going to work and was filled with anxiety knowing that I had to endure the racial discrimination, hostile work environment created, and retaliation by Mr. Demicoli.  I reported these concerns to Compass Group's officials and human resources.

In retaliation to my complaints, Mr. Anders and Ms. Dunbar furloughed me on or about May 19, 2020.  They claimed it was due to budgetary reasons, which I believe was false and pretext.  It was about this time I learned that I was performing the responsibilities of a Regional H.R. Manager but was not paid the corresponding salary.  When I inquired about this discrepancy, my PTO, and not being reimbursed for work-related travel, Ms. Dunbar and Mr. Spiegel brushed me off and took no remedial action.  I believe I was underpaid and not correctly placed in a managerial position because of my race.  Lastly, on or about June 24, 2020, John Anders terminated my employment, which I believe was retaliatory and based on my race.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Dennisia Rowe on 08-20-2020 03:09 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **430-2020-01983** |

| **FLORIDA COMMISSION ON HUMAN RELATIONS** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

**I believe Compass Group and its officials discriminated against me based on my race (African-American) and retaliated against me because I engaged in protected activities, in violation of Title VII of the Civil Rights Act of 1964, as amended, as described above.**

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Dennisia Rowe on 08-20-2020 03:09 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:**  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1.  FORM NUMBER/TITLE/DATE.**  EEOC Form 5, Charge of Discrimination (11/09).

**2.  AUTHORITY.**  42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3.  PRINCIPAL PURPOSES.**  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4.  ROUTINE USES.**  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5.  WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.**  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# EXHIBIT B

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To:   Dennisia A. Rowe | From:   San Juan Local Office |
|---|---|
| | 525 F D Roosevelt Ave |
| | 1202 Plaza Las Americas |
| | San Juan, PR 00918 |

☐   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | Luis Calzada, | |
| 430-2020-01983 | Investigator | (787) 520-5624 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐   More than 180 days have passed since the filing of this charge.

☒   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*18 Feb 21*

**William R. Sanchez,**
**Local Office Director**

*(Date Issued)*

Enclosures(s)

CC:

GARDNER / SKELTON, PLLC
ATTN:  Florence Thompson, Esq.
505 EAST BOULEVARD
CHARLOTTE, NC  28203

KEITH M. STERN, P.A.
80SW 8TH STREET, SUITE 2000
MIAMI, FL  33130

Enclosure with EEOC
Form 161-B (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* **this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* **to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than** <u>2 years (3 years)</u> **before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request** <u>within 6 months</u> **of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*